# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SALUTA NELSON, ET AL**                       **CIVIL ACTION**

**VERSUS**                                                  **NUMBER 10-827-RET-DLD**

**DERRICK LOUISE, ET AL**

## ORDER

This matter is before the court on a referral from the district court of the following motions:

1. Jerome Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 2);

2. Kathy Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 3);

3. Saluta Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 4);

4. Tasha Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 5);

5. William Nelson, Jr.'s motion for leave to proceed *in forma pauperis* (rec. doc. 6); and

6. Plaintiffs' motion requesting that the court order the federal marshal to serve plaintiffs' summons to all defendants pursuant to Rule 4(c)(3) and 28 U.S. C. sec. 1915 (rec. doc. 12)

### *In Forma Pauperis Standard*

On December 9, 2010, plaintiffs filed their federal complaint, along with their motions to proceed *in forma pauperis*. Plaintiffs also recently requested that the U.S. marshal serve the defendants.

In order to proceed *in forma pauperis*, a plaintiff not only must meet the financial prerequisite, but also must establish that he has raised a non-frivolous issue under the standard set forth in 28 U.S.C. § 1915(e)(2), which grants the court the authority to dismiss the case at any time if the action is frivolous or malicious; fails to state a claim on which

relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. A complaint may also be dismissed as frivolous if it lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[1]

Also, in an action filed *in forma pauperis*, the court may raise on its own volition the issue of whether an action is malicious or frivolous under § 1915(e),[2] and may test the complaint even before service of process.[3] Examples of claims which can be dismissed under § 1915(e) include claims where it is clear the defendants are immune from suit; claims of infringement of a legal interest that clearly does not exist; and claims which are barred by limitations.[4] Section 1915(e) also expressly authorizes dismissal of lawsuits as frivolous regardless of whether a filing fee, or any portion thereof, has been paid. It can thus be reasoned that if the court may dismiss a non-IFP case as frivolous under § 1915(e), the court may also deny leave to proceed *in forma pauperis* to preclude the filing of a frivolous complaint or claim.

Here, plaintiffs' complaint consists of more than 250 pages, names more than 50 defendants, and appears to originate from the arrest of one of the plaintiffs in July 2002 and

---

[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733-34 (1992).

[2] *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989).

[3] *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972), and *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).

[4] *See, e.g., Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833, and *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

his subsequent prosecution for a crime. Other than that, it is impossible to determine from the complaint what the claims are, or which claims belong to which plaintiffs and which defendants.  Moreover, it appears that some of the defendants may be immune from suit (*e.g.,* U.S. District Judge Frank J. Polozola; U.S. Magistrate Judge Christine Noland; State Court Judges Robin Free, William Dupont, James Best, Alvin Batiste, and Shara Harris Mulmore), some of the claims may be time-barred, and some of the claims request other relief which cannot be granted. Thus, the complaint as written may be dismissed as frivolous under § 1915(e).  As it is unclear whether or not the claims are non-frivolous due to the voluminous, vague and ambiguous nature of the complaint, the court is unable to rule on the pending motions to proceed *in forma pauperis* at this time. Moreover, as the court cannot rule on the IFP motions at this juncture, any request that the complaint be served by the U.S. Marshal is premature. However, as set forth below, the court will allow plaintiffs an opportunity to amend their complaint to address the deficiencies and provide a clearer explanation of their claims before ruling on the IFP motions.

***Pleading Standard***

With regard to the form and substance of the complaint, the court notes that it is not in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) sets out the fundamental pleading standard for civil litigation and governs all claims in a civil suit, requiring a "short plain statement of the claim showing that the pleader is entitled to relief." This "short plain statement" would be the substance of the complaint, and would include factual allegations that are "enough to raise the right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful

in fact),[5] and would respect "all the material elements necessary to sustain recovery under some viable legal theory."

In this case, it is impossible to determine which factual allegations exist which raise the right to relief above the speculative level, and which factual allegations apply to which defendants. Moreover, plaintiffs have asserted a formulaic recitation of the elements of a § 1983 cause of action, which is not acceptable (rec. doc. 1, pages 1-12), but fail to relate the material elements of that cause of action to specific actions taken or not taken by specific defendants.[6] For example, an alleged cause of action which arose from one plaintiff's arrest may be a violation of some right owed to that plaintiff, but not a right owed to other plaintiffs. Plaintiffs' complaint, as written, is vague and ambiguous in this regard, as plaintiffs make no distinction regarding which defendant's actions or inaction allegedly violated which plaintiff's rights.

Further, plaintiffs' complaint also appears to be a recitation of 9 years worth of events involving different plaintiffs and different defendants; however, if this is true, there then exists a substantial question about the timeliness of the claims. It further appears that plaintiffs attempt to assert a class action proceeding in the midst of their individual claims, but again, even this portion of the complaint is unclear. Plaintiffs thus should be afforded an opportunity to provide an amended complaint that is in compliance with Rule 8 before the court addresses the IFP motions. In preparing their amended complaint, plaintiffs are advised that a recitation of every conversation and event over the course of 9 years is not

---

[5]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[6]*See Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007).

in keeping with the "short plain statement" standard of Rule 8, and such complaint must also be in compliance with Local Rule 10.1[7], the rule which governs the form of all pleadings before this court. Therefore, the court has determined that an amended complaint which consists of a maximum of 20 pages is sufficient.

Accordingly,

**IT IS ORDERED** that plaintiffs' motions to proceed *in forma pauperis* (rec. docs. 2-6) are **HELD IN ABEYANCE** pending further Order of the court.

**IT IS FURTHER ORDERED** that plaintiffs' motion requesting federal marshal service of the complaint (rec. doc. 12) is **DISMISSED as premature**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this Order, plaintiffs must file an amended complaint, not to exceed 20 pages, which describes the specific actions or inactions by specific defendants which gave rise to the violation of plaintiffs' rights. Such complaint must be in compliance with Rule 8 of the Federal Rules of Civil Procedure and Local Rule 10.1.

Signed in Baton Rouge, Louisiana, on March 15, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[7]Local Rule 10.1 - Form: Statement Regarding Filing of Papers, reads in pertinent part as follows:

> All papers drafted for filing in this court shall be on 8-1/2 by 11 inch paper, numbered sequentially, and plainly written in ink or printed in no smaller than standard 12 - point typeface without defacing erasures or interlineations, and shall be double spaced. Footnotes may be printed in no smaller than standard 10-point typeface. Quotations and footnotes may be single spaced.