UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM NELSON, ET AL | CIVIL ACTION |
| VERSUS | NUMBER 10-827-RET-DLD |
| DERRICK LEWIS, ET AL | |

## ORDER

This matter is before the court on a referral from the district court of plaintiff's "motion in request for the immediate recusal of magistrate judge Docia L. Dalby." (rec. doc. 22)

### *Background*

On December 9, 2010, the five plaintiffs filed a 259-page lawsuit against more than 50 defendants for alleged acts spanning a period of nine (9) years, arising out of an alleged unlawful arrest in 2002. Each plaintiff also filed a motion to proceed *in forma pauperis*, which had not yet been ruled upon when the case was transferred to the undersigned. Thus, this case is now before the undersigned for a determination of pauper status under 28 U.S.C. § 1915.

As part of the screening process, and as explained to the plaintiffs previously, the court ordered plaintiffs to file an amended complaint that conformed to Fed. R. Civ. P. 8 and Loral Rule 10.1, to determine whether or not plaintiffs raised non-frivolous issues, as plaintiffs' original complaint did not set forth a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs were advised that no recitation of every conversation and event over the course of 9 years was necessary; instead, plaintiffs needed to allege just enough facts that would meet all the material elements necessary to sustain recovery under some viable legal theory. (rec. doc. 21).

### *The Current Motion*

In this motion, plaintiffs take issue with the fact that the undersigned magistrate judge ordered plaintiffs to file an amended complaint. Plaintiffs state that the undersigned

1

should recuse herself "pending a requested hearing" to "determine weather (sic) or not the court I.Q, reading comprehension and understanding is suitable for him to oversee plaintiffs (sic) Federal complaint." (rec. doc. 22) Plaintiffs assert that the undersigned magistrate judge "conjured up federal rules and local rules to hide his full knowledge of the full fact of the matters at hand," and states that the order to file an amended complaint is "to create a method to dismiss plaintiffs (sic) suit." *Id.* Plaintiffs state that these alleged acts did not respect plaintiffs' First, Sixth, and Fourteenth Amendment rights." *Id*., at 6. Plaintiffs allege that the undersigned magistrate judge "concentrated on how he could protect guilty state and federal judges . . . and did not care about "liberty justice and the qualities of life involving African Americans" and that this shows bias on the part of the magistrate judge." *Id.,* at 6-7. The motion to recuse is based on one order (rec. doc. 21) issued by the undersigned magistrate judge, which ordered the filing of an amended complaint, and held the motions to proceed *in forma pauperis* in abeyance until such time as the amended complaint was filed.

## ***GOVERNING LAW AND ANALYSIS***

There are two statutes that address recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff is unrepresented, and thus cannot meet the procedural requirements of Section 144.[1] Thus, recusal under 28 U.S.C. § 144 is not applicable in this situation.

This does not mean that *pro se* litigants have no mechanisms to protect themselves from biased judges. On the contrary, a *pro se* litigant may raise exactly the same issues

---

[1] 28 U.S.C. § 144 states as follows: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

relating to a judge's perceived impartiality under 28 U.S.C. § 455,[2] but there is no statutory language which requires an affidavit or good faith certificate from counsel of record.

However, recusal under 28 U.S.C. § 455 is unwarranted. In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's partiality. *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 484 (5th Cir. 2003)*, cert. denied*, 640 U.S. 1108, 124, St. Ct. 1071 (2004). *See, also Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges." *Capizzo v. State*, 199 WL 539439 at *1 (E.D. La. July 22, 1999) Also, a section 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993).

Finally, under either statute, any bias or prejudice must arise from an extrajudicial source, which is not the case here. *Capizzo*, at *2. Plaintiff has failed to demonstrate any personal bias by the undersigned. The basis of plaintiffs' motion is that the undersigned issued an order giving plaintiffs 30 days to amend their complaint in compliance with the federal rules and local rules, and that the undersigned did so to protect the guilty and because she does not care about the rights of African-Americans. This judicial ruling was in connection with this case, and not from any extrajudicial source.

---

[2]28 U.S.C. § 455, reads in pertinent part, as follows: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

Judicial rulings by the undersigned are insufficient to justify recusal as the Fifth Circuit has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). Moreover, plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality. Here, the undersigned issued only one order, an order which allowed plaintiffs the opportunity to amend their complaint in keeping with the federal rules and local rules; explained that the claim needed to include all the material elements necessary to sustain recovery under some viable legal theory; and advised plaintiffs that a recitation of every conversation and incident over the course of nine (9) years is not necessary to maintain a claim. As plaintiffs' claims consists of events which occurred over nine (9) years, the amended complaint is necessary for prescription purposes. In addition, and among other things, plaintiffs' original complaint seems to allege acts committed by state court prosecutors and state court judges, which also seem to have been litigated previously. These issues alone demonstrate the need for a less ambiguous and voluminous complaint. Therefore, no recusal is necessary.

Accordingly,

Plaintiffs' motion for recusal of the undersigned (rec. doc. 22) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 15, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**