UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM NELSON, ET AL                     CIVIL ACTION

VERSUS                                          NUMBER 10-827-RET-DLD

DERRICK LEWIS, ET AL

### ORDER

This matter is before the court on a referral from the district court of plaintiff's "motion for Judge Ralph Tyson and Judge Docia L. Dalby to take judicial notice to the below motion to vacate magistrate judge denying recusing herself and second request for the recusal of judge." (rec. doc. 25)

### *Background*

On December 9, 2010, the five plaintiffs filed a 259-page lawsuit against more than 50 defendants for alleged acts spanning a period of nine (9) years, arising out of an alleged unlawful arrest in 2002. Each plaintiff also filed a motion to proceed *in forma pauperis*, which had not yet been ruled upon when the case was transferred to the undersigned. Thus, this case presently is before the undersigned for a determination of pauper status under 28 U.S.C. § 1915.

As part of the screening process, and as explained to the plaintiffs previously, the court ordered plaintiffs to file an amended complaint that conformed to Fed. R. Civ. P. 8 and Loral Rule 10.1, to determine whether or not plaintiffs raised non-frivolous issues, as plaintiffs' original complaint did not set forth a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs were advised that no recitation of every conversation and event over the course of 9 years was necessary; instead, plaintiffs needed to allege just enough facts to meet all the material elements necessary to sustain recovery under some viable legal theory. (rec. doc. 21).

1

Plaintiffs then filed a motion to recuse the undersigned, taking issue with the fact that the undersigned magistrate judge ordered plaintiffs to file an amended complaint. Plaintiffs had stated that the undersigned should recuse herself "pending a requested hearing" to "determine weather (sic) or not the court I.Q, reading comprehension and understanding is suitable for him to oversee plaintiffs (sic) Federal complaint." (rec. doc. 22) Plaintiffs asserted that the undersigned magistrate judge "conjured up federal rules and local rules to hide his full knowledge of the full fact of the matters at hand," and states that the order to file an amended complaint is "to create a method to dismiss plaintiffs (sic) suit." *Id.* Plaintiffs state that these alleged acts did not respect plaintiffs' First, Sixth, and Fourteenth Amendment rights." *Id.*, at 6. Plaintiffs also previously alleged that the undersigned magistrate judge "concentrated on how he could protect guilty state and federal judges . . . and did not care about "liberty justice and the qualities of life involving African Americans" and that this shows bias on the part of the magistrate judge." *Id.*, at 6-7. That motion to recuse was based on one order (rec. doc. 21) issued by the undersigned magistrate judge, which ordered the filing of an amended complaint, and held the motions to proceed *in forma pauperis* in abeyance until such time as the amended complaint was filed. The motion to recuse was denied for the reasons stated therein (rec. doc. 24), and plaintiffs have now filed a motion to recuse the undersigned for denying the first motion to recuse. (rec. doc. 25)

***The Current Motion***

In this motion, in addition to repeating the conclusive and unsupported statements regarding the undersigned's alleged partialities, which also are found in the first motion to recuse, plaintiffs have added many, many, more conclusive and unsupported statements which purport to demonstrate why the undersigned should recuse herself. For example, plaintiffs characterize the undersigned as "a coward" who only denied the first recusal motion to avoid having her "cover-up" of "illegal use of laws, case laws and voluntary

mishandled procedural use of laws" exposed by plaintiffs. (rec.doc. 25, pg. 13) Plaintiffs accuse the undersigned of trying to "trick the appellate courts, the media, the judiciary committee . . ." and of fighting to "evade embarrassment pertaining to her lying and conniving efforts to help eliminate her legal partners from the mist (sic) of plaintiffs' complaint." (*Id.*, pgs 14-15)

### *GOVERNING LAW AND ANALYSIS*

As explained previously, there are two statutes that address recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiffs are unrepresented, and thus cannot meet the procedural requirements of Section 144.[1] Thus, recusal under 28 U.S.C. § 144 is not applicable in this situation. This does not mean that *pro se* litigants have no mechanisms to protect themselves from biased judges. On the contrary, a *pro se* litigant may raise exactly the same issues relating to a judge's perceived impartiality under 28 U.S.C. § 455,[2] but there is no statutory language which requires an affidavit or good faith certificate from counsel of record.

However, recusal under 28 U.S.C. § 455 is unwarranted. In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts

---

[1] 28 U.S.C. § 144 states as follows: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

[2] 28 U.S.C. § 455, reads in pertinent part, as follows: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

3

concerning the undersigned's partiality. *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 640 U.S. 1108, 124, St. Ct. 1071 (2004). *See, also Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges." *Capizzo v. State*, 199 WL 539439 at *1 (E.D. La. July 22, 1999) Also, a section 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993).

Finally, under either statute, any bias or prejudice must arise from an extrajudicial source, which is not the case here. *Capizzo*, at *2. As explained previously, plaintiffs have failed to demonstrate any personal bias or prejudice by the undersigned, especially as the judicial rulings of which plaintiffs complain were in connection with this case, and not from any extrajudicial source. As previously explained, the Fifth Circuit has determined that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). Moreover, other than speculative, unsupported, and inflammatory statements as to the undersigned's alleged motivations for court rulings, plaintiffs have failed to provide any specific facts whatsoever that would lead a reasonable and objective person to question the undersigned's impartiality. Therefore, no recusal is necessary.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion (rec. doc. 25) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 22, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**