**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SALUTA NELSON, ET AL**                               **CIVIL ACTION**

**VERSUS**                                             **NUMBER 10-827-RET-DLD**

**DERRICK LOUISE, ET AL**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on a referral from the district court of the following motions:

1. Jerome Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 2);

2. Kathy Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 3);

3. Saluta Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 4);

4. Tasha Nelson's motion for leave to proceed *in forma pauperis* (rec. doc. 5); and

5. William Nelson, Jr.'s motion for leave to proceed *in forma pauperis* (rec. doc. 6).

In federal court, "there is no absolute right to proceed *in forma pauperis*[1]," and "the district court has broad discretion to deny an application to proceed *in forma pauperis*, especially in civil cases where the privilege should be cautiously granted[2]." An "applicant moving for leave to file *in forma pauperis* should state with particularity and certainty as to the facts of his poverty[3]," and an application is sufficient if it states "that an individual cannot afford to pay for litigation costs and remain able to care for oneself and one's dependents[4]."

---

[1]*Carter v. Thomas*, 537 F.2d 1332 (5th Cir. 1976).

[2]*Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975); *Provs v. Kastner*, 842 F.2d. 183, 149 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1), *overruled on other grounds.*

[3]*Jones v. First Bank and Trust*, 2010 WL 2836150, *2 (E.D. LA 2010), *citing to Dreyer v. Jalet*, 349 F.Supp. 452, 459 (S.D. Tex. 1972).

[4]*Johnson v. City of Port Arthur*, 892 F.Supp. 835 (E.D. Tex. 1995).

Therefore, in order to approve an application to proceed *in forma pauperis*, the court first must examine the financial condition of the applicants in order to determine whether the payment of fees would cause undue hardship. "Undue hardship" has not been defined in the Fifth Circuit, and therefore is a "flexible concept." *Terry v. Texas Dept. Of Criminal Justice*, 2010 WL 1610084, *1 (E.D. Tex. 2010) One way to make a determination of undue hardship is to review the other demands on plaintiffs' financial resources, "including whether the expenses are discretionary or mandatory." *Russell v. City of Dallas, et al.*, 2011 WL 1897356 (N.D. Tex. 2011) Typically, "non-incarcerated applicants approved to proceed as paupers generally have very limited income, several dependents, and no other resources to cover the necessities of life." *Lee v. Runyon*, 18 F.Supp.2d 649 (E.D. Tex. 1998); *Woods v. Trinity Memorial Hosp.*, 1995 WL 55275 (E.D. Tex. 1995). If the prepayment of the fees or costs would result in the inability to pay for the "necessities of life," an undue hardship results. *Adkins v. E.I. DuPont de Nemourts & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). Generally, applicants indicate an undue hardship by showing that their "bills consume all of their income." *Mitchell v. Champs Sports*, 42 F.Supp. 2d 642 (E.D.Tex. 1998)

Here, an examination of the five *in forma pauperis* affidavits reveals the following:

1. All plaintiffs live at the same address;
2. Plaintiffs Kathy and Tasha Nelson each earn $250.00 per week;
3. Plaintiff Saluta Nelson receives $600.00 per month;
4. Plaintiff Jerome Nelson receives $583.00 per month; and
5. Plaintiff William Nelson does not work or receive benefits, and is the only plaintiff with any alleged demonstrated debt.[5]

---

[5]Plaintiff Kathy Nelson alleges she owes $5,000.00, but she fails to describe the debt as required; thus, this debt cannot be considered as a mandatory expense. William Nelson's debts are credit card debts,
(continued...)

At the outset, the court notes that the affidavits conflict with one another. For example, Kathy Nelson attests to earning $200.00 per week, while Saluta and Tasha Nelson's affidavits attest to Kathy Nelson earning $250.00 per week. Plaintiff Jerome Nelson's affidavit acknowledges that Tasha and Kathy Nelson are employed, but he fails to list their weekly earnings; and plaintiff William Nelson's affidavit is completely silent as to whether or not there are employed individuals over 18 residing in the same house. Moreover, Kathy Nelson's affidavit is unclear as to whether or not she has any debt because while she states she owes $5,000.00, she fails to enumerate any of the debts which comprise the $5,000.00; thus, there is no way to determine if this alleged debt is comprised of discretionary or mandatory expenses. No other expenses, ordinary or extraordinary, are listed by the applicants; there are not several dependents relying on the applicants' incomes, and there is no indication that their bills consume all their income. There is no indication that payment of the filing and service fee would result in the inability to pay for the necessities of life. Thus, taking the conflicting affidavits into account, the court has calculated that the combined income of this household is $3,350.00, or $40,200.00 per year, which is far more than the $29,990.00 set by the 2011 HHS Poverty Guidelines for a household of six individuals.[6]

Therefore, the court determines that in the absence of any demonstrated ordinary or extraordinary expenses which would result in the inability to pay for life necessities, and

---

[5](...continued)
and there is no indication on his affidavit that these are mandatory expenses, or whether or not he is making any payments on these debts. Further, while William Nelson states that he owes child support, he fails to list any dependents, or the amount of the alleged debt. Thus, the court considers these debts to be discretionary expenses in the absence of any showing otherwise.

[6]*See*, aspe.hhs.gov/poverty/11poverty.shtml. Moreover, assuming *inarguendo* that the court considered only Kathy Nelson's affidavit, she is without any dependents and has an annual income of $13,000.00, which is above the federal poverty guideline of $10,890 for one individual. Plaintiff Tasha Nelson is the only party who alleges that she supports a minor child. Thus, for the sake of this recommendation, the court will assume that said minor child resides in the same household as all the applicants, which would equal a household comprised of six individuals.

in consideration of the annual demonstrated income of $40,200.00 per annum, payment of the filing and service fee will not result in financial hardship for the plaintiffs, if the plaintiffs are given a reasonable amount of time to tender the requisite amount. The court thus will recommend that the *in forma pauperis* motions be denied, and plaintiffs given until **August 31, 2011**, to pay the filing and service fee.

## *RECOMMENDATION*

It is therefore the recommendation of the magistrate judge that plaintiffs' applications to proceed *in forma pauperis* (rec. docs. 2, 3, 4 5, & 6) be **DENIED**, and the filing and service fee be paid by plaintiffs on or before **August 31, 2011**. It is the further recommendation of the magistrate judge that in accordance of the denial of their applications to proceed *in forma pauperis*, plaintiffs be held responsible for service of the summons and complaint/amended complaint upon the defendants.

Signed in Baton Rouge, Louisiana, on July 27, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SALUTA NELSON, ET AL**      **CIVIL ACTION**

**VERSUS**      **NUMBER 10-827-RET-DLD**

**DERRICK LOUISE, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 27, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**